**Case CC-26-1175**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

---

Leslie Klein,

Appellant

v.

Bradley D. Sharp, Liquidation Trustee of the
Klein Creditors' Liquidation Trust,

Appellee

On Appeal from the United States Bankruptcy Court
for the Central District of California
BK Case No. 2:23-bk-10990
Honorable Neil W. Bason

---

**APPELLEE'S EMERGENCY MOTION TO DISMISS
APPEAL, OR, IN THE ALTERNATIVE, EXPEDITE APPEAL**

Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:    jdulberg@pszjlaw.com
           jlucas@pszjlaw.com

*Counsel for Bradley D. Sharp,
Liquidation Trustee of the Klein Creditors'
Liquidation Trust, Appellee*

4938-2678-4961.3 78512.001

**TABLE OF CONTENTS**

**Page**

I.    JURISDICTIONAL STATEMENT ...............................................................1

II.   SUMMARY OF ARGUMENT.....................................................................2

III.  BACKGROUND .......................................................................................4

    **1.**    The Chapter 11 Bankruptcy Case and the June St. Property ...............4

        A.    The Petition and Appointment of the Chapter 11 Trustee..........4

        B.    The June St. Action.................................................................4

        C.    The BAP Appeal of the Summary Judgment Order ..................6

    **2.**    The June St. Property Sale Motion ........................................................7

IV. DISCUSSION .............................................................................................10

    **1.**    The Appeal of the Sale Order Should be Dismissed Because
it is a Collateral Attack on the Summary Judgment Order,
Order Denying the Joinder Motion, and this Court's Affirmance
of the Same ..............................................................................................10

    **2.**    If the Court Declines to Dismiss, the Appeal Should be Expedited ...13

V.    CONCLUSION............................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Alakozai v. Citizens Equity First Credit Union* (*In re Alakozai*),
499 B.R. 698 (9th Cir. BAP 2013) .............................................................. 10, 11

*Heritage Pac. Fin., LLC v. Machuca* (*In re Machuca*),
483 B.R. 726 (9th Cir. BAP 2012) ........................................................10

*In re Liu*,
611 B.R. 864 (9th Cir. BAP 2020) ........................................................10

*Valley Nat'l Bank of Ariz. v. Needler* (*In re Grantham Bros.*),
922 F.2d 1438 (9th Cir. 1991) .............................................................11

*Woods & Erickson, LLP v. Leonard* (*In re AVI, Inc.*),
389 B.R. 721  (9th Cir. BAP 2008) .......................................................10

### STATUTES

*11 U.S.C. § 363(b)* ........................................................................1, 2

28 U.S.C. § 1334.............................................................................2

28 U.S.C. § 157(b)(2)(A).......................................................................2

Appellee, Bradley D. Sharp, Liquidation Trustee ("**Trustee**") of the Klein Creditors' Trust (the "**Trust**") formed under the *Third Amended Chapter 11 Plan, as Modified, of the Estate of Leslie Klein* [Docket No. 1350][1] (the "**Plan**"), hereby submits this motion (the "**Motion**"), pursuant to Rule 8013(d)-1 of the Rules of the United States Bankruptcy Appellate Panel of the Ninth Circuit (the "**BAP Rules**") and Rule 8013(d) of the Federal Rules of Bankruptcy Appellate Procedure (the "**Bankruptcy Rules**"), seeking an order: (i) dismissing the above-captioned appeal, with prejudice, or, in the alternative, (ii) expediting the above-captioned appeal's briefing schedule, and represents as follows:

## I.

## JURISDICTIONAL STATEMENT

This is an appeal of the *Order Granting Motion and Authorizing: (1) Sale of Real Property Commonly Known as 322 N. June St., Los Angeles, California, Free and Clear of All Liens, Claim, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Clarifying State of Title to Property Pursuant to Prior Court Order; and (3) Payment of Real Estate Brokers' Commissions* [Docket No. 1422] (the "**Sale Order**") of the United States Bankruptcy Court for the Central District of

---

[1] Citations to [Docket No. ####] will refer to the docket in the underlying chapter 11 case, Case No. 23-10990 (the "**Main Case**"). Citations to [Adv. Docket No. ####] will refer to Adv. Case No.: 23-01140 (the "**June St. Action**"), an adversary proceeding commenced by the Trustee against the Debtor relating to the Main Case. Citations to [BAP Docket No. ####] will refer to BAP Case No., 25-1002 (the "**BAP Appeal**"), an appeal of the summary judgment order in the June St. Action.

California, Los Angeles Division ("**Bankruptcy Court**"), dated July 10, 2026, granting the Trustee's *Motion for Order Authorizing: (1) Sale of Real Property Commonly Known as 322 N. June St., Los Angeles, California, Free and Clear of All Liens, Claim, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Clarifying State of Title to Property Pursuant to Prior Court Order; and (3) Payment of Real Estate Brokers' Commissions* [Docket No. 1394] (the "**Sale Motion**"). The Bankruptcy Court had jurisdiction to enter the Sale Order, pursuant to 28 U.S.C. § 1334, and such matter constitutes a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). On July 22, 2026, Leslie Klein ("**Appellant**" or "**Debtor**"), the debtor in the underlying chapter 11 case, filed a notice of appeal of the Sale Order. This Panel has jurisdiction pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1).

## II.

## SUMMARY OF ARGUMENT

For the reasons set forth herein, Appellee/Trustee respectfully requests the Panel enter an order immediately dismissing the appeal, or, in the alternative, expediting the appeal to avoid irreparable injury to trust beneficiaries (i.e. the former creditors of the Appellant/Debtor's chapter 11 estate). By way of this redundant, misguided and wasteful appeal, Appellant/Debtor is risking the benefit of a $5.1 million sale transaction approved by the Bankruptcy Court, the net proceeds of which would go directly to the Creditor Trust.

4938-2678-4961.3 78512.001

2

The Debtor's appeal of the Sale Order is nothing more than a collateral attack upon the Bankruptcy Court's earlier ruling and this Panel's previous affirmation that the Debtor's home is, in fact, property of the bankruptcy estate. The Debtor must not be permitted to re-litigate the *identical* issues that were already adjudicated by the Summary Judgment Order, and affirmed by this Panel. The Debtor has no novel basis upon which to appeal the Sale Order. Instead, the Debtor's appeal is nothing more than an outright fraudulent, irrational attempt to prevent the sale by tying the property up in litigation and further unnecessary appeals.

If the Panel is not inclined to immediately dismiss the appeal, the Appellee/Trustee respectfully requests that the Panel expedite this appeal in order to preserve the ability of the Creditors Trust to close the sale approved by the Bankruptcy Court. Appellee/Trustee requests that the Plan shorten the deadlines for the parties to file statements, designate the record, and submit briefing, to the earliest dates acceptable to the Panel, in the event the appeal is not outright dismissed .

If the appeal is not dismissed, or the timeline is not accelerated, the Trustee believes that the current sale will not close and the Debtor's current and future conduct will chill the bidding process and prevent the Trustee from selling the property without substantial delay and a further drain on the finite assets of the Liquidation Trust.

4938-2678-4961.3 78512.001

3

# III.

# **BACKGROUND**

## 1. **The Chapter 11 Bankruptcy Case and the June St. Property**

### A. The Petition and Appointment of the Chapter 11 Trustee

The Debtor commenced his bankruptcy case on February 22, 2023, by filing a voluntary bankruptcy petition with the Bankruptcy Court. [Docket No. 1]. Approximately three months later, after the Debtor failed to adequately fulfill his duties as a debtor in possession thereby causing the United States Trustee ("**UST**") to successfully appoint a chapter 11 trustee. The UST subsequently filed a *Notice of Appointment of Chapter 11 Trustee*. [Docket No. 151]. The appointment empowered the Trustee to administer the Debtor's bankruptcy case and all his assets that are property of the estate. The UST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered the same day. [Docket No. 155]. On that same day, the Trustee accepted his appointment as the chapter 11 trustee of the Debtor's bankruptcy estate. [Docket No. 156].

### B. The June St. Action

As part of exercising his duties to administer the Debtor's estate, the Trustee filed a complaint [Adv. Docket No. 1] and as amended [Adv. Docket No. 6] (the "**Complaint**") in the Bankruptcy Court, Adv. Case No.: 2:24-ap-01140 (the "**June**

**St. Action**"), seeking to: (a) quiet title of the real property located at 322 N. June St., Los Angeles, California (the "**June St. Property**"); (b) avoid any transfer of the June St. Property from a living trust (the "**Klein Living Trust**") that was settled and administered by and for the benefit of the Debtor to any of the sub-trusts thereunder; and (c) avoid Barbara Klein's (the Debtor's current spouse) unrecorded life estate in the June St. Property.

Prior to the Bankruptcy Court's hearing on the summary judgment motion on all counts pled in the Complaint, the Debtor filed a motion, pursuant to Rule 19 of the Federal Rules of Civil Procedure, to join the Debtor's four adult offspring as necessary parties to the June St. Action. [Adv. Docket No. 30] (the "**Joinder Motion**"). On October 18, 2024, the Bankruptcy Court entered an order denying the Motion to Join. [Adv. Docket No. 46] (the "**Order Denying the Joinder Motion**"). Neither the Debtor nor any of the other appellants in the June St. Action appealed the Order Denying the Joinder Motion. This Panel, however, found that the Order Denying the Joinder Motion to be interlocutory and subsumed among the matters in the BAP Appeal. Thus, upon this Panel's affirmance of the summary judgment order, the Order Denying the Joinder Motion became final.

After the parties fully briefed the summary judgment motion in the June St. Action, the Bankruptcy Court entered an *Order Granting Motion for Summary Judgment on All Claims For Relief Against Defendants* [Adv. Docket No. 62] (the "**Summary Judgment Order**"), which found, among other things, that the Klein

4938-2678-4961.3 78512.001                                     5

Living Trust, and all the sub-trusts thereunder, is "self-settled" thereby rendering the spendthrift provision in the Klein Living Trust invalid and unenforceable. As a result, all the assets owned by the Klein Living Trust, and the sub-trusts thereunder, are property of the Debtor's bankruptcy estate and eligible to be liquidated and used to pay the estate's administrative expenses and to compensate the holders of allowed general unsecured claims.

    C.    <u>The BAP Appeal of the Summary Judgment Order</u>

On January 3, 2025, the Debtor, among other appellants, filed a notice of appeal of the Summary Judgment Order. [Adv. Docket No.67], which was designated as BAP Case No., 25-1002 (the "**BAP Appeal**"). After the parties fully briefed the appeal of the Summary Judgment Order, this Panel entered a Memorandum Decision [BAP Docket No. 20] (the "**BAP June St. Memorandum Decision**") affirming the Bankruptcy Court's Summary Judgment Order in full.

The BAP June St. Memorandum Decision decided three issues:  (1) Did the Bankruptcy Court err in denying the Joinder Motion?; (2) Was the failure to properly name certain defendants a jurisdictional defect that requires reversal of the Summary Judgment Order?; (3) Did the Bankruptcy Court err in granting the summary judgment motion? [BAP Docket No. 20]; BAP June St. Memorandum Decision, p. 10.

This Panel found that the Bankruptcy Court did *not* err in denying the Joinder Motion. [BAP Docket No. 20]; BAP June St. Memorandum Decision, p. 1-

16. This Panel found that the Bankruptcy Court did not err although the trustees of the Klein Living Trust, and the sub-trusts, were not expressly named in the Complaint. [BAP Docket No. 20]; BAP June St. Memorandum Decision, p. 18-19. Last, this Panel found that Bankruptcy Court properly approved the summary judgment motion and that the June St. Property is property of the Debtor's estate because the Klein Living Trust was "self-settled." [BAP Docket No. 20]; BAP June St. Memorandum Decision, p. 19-28.

After this Panel issued the BAP June St. Memorandum Decision, the Debtor, among other appellants, filed a motion for rehearing. [BAP Docket No. 24]. This Panel denied the motion for rehearing, [BAP Docket No. 25], and subsequently entered a judgment of this Court's affirmance of the Summary Judgment Order. [BAP Docket No. 26]. The BAP June St. Memorandum Decision was not appealed thereby rending this Panel's decision and the Bankruptcy Court's Summary Judgment Order final.

## 2. The June St. Property Sale Motion

On June 9, 2026, the Trustee filed the Sale Motion seeking, among other things, authorization to sell the June St. Property to the Bruce Cohen Revocable Trust and Mary Louise Cohen Revocable Trust (together, the "**Buyer**") in exchange for $5,140,000.00.

Eric Olson, counsel to the Debtor, filed a declaration in opposition to the Sale Motion. [Docket No. 1407] (the "**Olson Declaration**"). The Olson

4938-2678-4961.3 78512.001

7

Declaration states that Mr. Olson was counsel to the Debtor, among others, in the BAP Appeal. Olson Declaration, Para. 1. The Olson Declaration attaches, as Exhibit 1, the Debtor's opening brief filed in the BAP Appeal as the basis for the Debtor's opposition to the Sale Motion.

Specifically, Mr. Olson contends that the Trustee did not obtain clear title to the June St. Property because he never sued the "Credit Trust" and the Debtor's four adult offspring given that they are contingent beneficiaries under the Credit Trust, which is one of the sub-trusts under the Klein Living Trust. Olson Declaration, Paras. 2-4.

As discussed above, the Debtor's opening brief in the BAP Appeal argued, among other things, that the Trustee cannot obtain clear title to the June St. Property because he did not sue the Debtor's four adult offspring. *See* Olson Declaration, Ex. 1 at pp. 12-13 and [BAP Docket No. 5]. <u>As discussed above, this Panel dispensed with this exact argument in the BAP June St. Memorandum Decision.</u>

The Debtor also filed a declaration in opposition to the Sale Motion. [Docket No. 1409] (the "**Klein Declaration**"). The first eleven paragraphs of the Klein Declaration fail to raise any issue relating to the Sale Motion and are mostly incomprehensible. Paragraph 12 of the Klein Declaration *falsely* contends that the Debtor's four adult offspring made an offer to purchase the June St. Property. This contention is untrue, wholly unsupported by the record, and offered solely to delay

4938-2678-4961.3 78512.001

8

the sale of the June St. Property. Paragraph 13 of the Klein Declaration provides that the Bankruptcy Court's disposition of the Summary Judgment Motion was in error. The remaining paragraphs in the Klein Declaration are incomprehensible and unrelated to the Sale Motion.

The Trustee filed a reply [Docket No. 1413] to the Klein Declaration and Olson Declaration which noted that the identical issues were fully adjudicated by the Bankruptcy Court and rendered final upon this Panel's BAP June St. Memorandum Decision. The Buyer filed good faith declarations [Docket Nos. 1415 and 1416] in support of the Sale Motion which were each entered into evidence by the Bankruptcy Court. The Trustee also filed evidentiary objections to the Klein Declaration and Olson Declaration which were sustained, in full, by the Bankruptcy Court [Docket No. 1425].

The Sale Order was entered by the Bankruptcy Court approving the Sale Motion authorizing the Trustee to sell the June St. Property to the Buyer. The Buyer was ready and able to close the sale of the June St. Property subject to the Sale Order becoming final. However, on July 22, 2026, the Debtor filed a notice of appeal of the Sale Order initiating the instant appeal. The sale of the June St. Property is now at risk as a result of the appeal filed by the Debtor concerning issues that were already fully adjudicated by the Bankruptcy Court and this Panel in the prior appeal.

## IV.

## DISCUSSION

**1. The Appeal of the Sale Order Should be Dismissed Because It Is a Collateral Attack on the Summary Judgment Order, the Order Denying the Joinder Motion, and this Panel's Affirmance of the Same**

The Debtor's appeal of the Sale Order is nothing more than an impermissible collateral attack upon the Summary Judgment Order, the Order Denying the Joinder Motion, and the BAP June St. Memorandum Decision.

This Panel and the Ninth Circuit Court of Appeals have dismissed appeals that are an attempt to challenge a prior final order that was not timely appealed. *See, e.g., In re Liu*, 611 B.R. 864, 881 (9th Cir. BAP 2020) (dismissing the appeal of preference judgment because the issues raised on appeal were nothing more than an attempt to relitigate appellant's failure to appeal the bankruptcy court's order denying motion to dismiss the debtor's bankruptcy case); *Alakozai v. Citizens Equity First Credit Union* (*In re Alakozai*), 499 B.R. 698, 704 (9th Cir. BAP 2013) ("Alakozai's challenge to ... the In Rem Order in the Fourth Case amounts to a collateral attack on a final order"); *Heritage Pac. Fin., LLC v. Machuca* (*In re Machuca*), 483 B.R. 726, 735–36 (9th Cir. BAP 2012) ("the bankruptcy court's order granting summary judgment was final. HPF cannot collaterally attack that judgment through the § 523(d) proceeding"); *Woods & Erickson, LLP v. Leonard* (*In re AVI, Inc.*), 389 B.R. 721, 731 (9th Cir. BAP 2008) ("to the extent that W &

E seeks to collaterally attack the validity of that order vacating and annulling the dismissal, it cannot do so in this appeal because the order is final and the time to appeal has passed"); *see also Valley Nat'l Bank of Ariz. v. Needler* (*In re Grantham Bros.*), 922 F.2d 1438, 1442 (9th Cir. 1991) (rejecting as frivolous appellant's attempted collateral attack on bankruptcy court's prior sale order).

For example, in *Liu*, the debtor's bankruptcy case was subject to a motion to dismiss under section 109(g)(2) of the Bankruptcy Code. The bankruptcy court denied the motion and the order denying the motion was not appealed. *Liu*, 611 B.R. at . 876-79. A creditor of the debtor was sued for a preference who argued, among things, that the preference claim should have been dismissed because the bankruptcy court failed to dismiss the debtor's case under section 109(g)(2) of the Bankruptcy Code. *Id*. at 881. The court dismissed the appeal because creditor could not use the appeal of the preference judgment to collaterally attack the bankruptcy court's denial of the motion to dismiss, which was never appealed. Id.

Similarly, in *Alakozai*, the debtor filed her case and invoked the automatic stay to prevent the foreclosure of her and her spouse's home. *Alakozai*, 499 B.R. at 704. However, the bankruptcy court previously granted stay relief in the spouse's prior case and such order was not appealed. The court found that the appeal of the stay relief order in the debtor's current case was nothing more than a collateral attack on the stay relief order in the spouse's case and such prior order was binding on any party asserting an interest in the home, including the debtor. *Id*.

4938-2678-4961.3 78512.001

11

The Debtor's appeal of the Sale Order is no different than the collateral attacks on final orders in *Liu*, *Alakozai*, and the other cases cited above. By the Olson Declaration, Mr. Olson admits that his sole basis to contest the Sale Order rests on the exact reasons he relied upon, on behalf of the Debtor, before the Bankruptcy Court and its entry of the Summary Judgment Order, and before this Panel in the BAP Appeal. The Bankruptcy Court and this Panel fully addressed each of those arguments and neither the Debtor, nor any other party, took an appeal of this Panel's issuance of the BAP June St. Memorandum Decision.

The Debtor has not lived in the June St. Property since May 2025. As set forth in the Sharp Declaration, the Debtor and his current spouse removed all of the personal property from the June St. Property over one year later, on June 11 and 12, 2026. The Debtor's opposition to the Sale Order is nothing more than a spiteful delay tactic by someone who was deemed unable to administer his own chapter 11 case and has sought to sabotage anything the Trustee accomplished for the benefit of the Debtor's creditors.

If the appeal of the Sale Order is not dismissed, the Trustee believes that the Liquidation Trust will be irreparably harmed because the sale with the Buyer will not close. The Trustee believes that if the Debtor is successful in preventing the sale to the Buyer that the Debtor will use this tactic repeatedly to forestall any sale. The Debtor's conduct will chill any further bidder interest in the Property and will either prevent the Trustee from selling the June St. Property or cause him to sell it

for much less than the current sale price of $5,140,000. Further, if the Trustee is required to identify a new buyer, the Liquidation Trust will needlessly incur more fees and expenses to the detriment of the Debtor's creditors who distributions depend on the closing of the sale of the June St. Property.

**2.      If the Panel Declines to Dismiss, the Appeal Should be Expedited**

If the Panel declines to dismiss this appeal immediately, the Panel should expedite the appeal so the Trustee can brief the issues that have already been addressed by this Court with the goal of preserving the sale of the June St. Property.

Under the Bankruptcy Rules, the current timeline is as follows:

- August 5, 2026 – Deadline for Appellant/Debtor to file with the Bankruptcy Court a designation of record, statement of issues on appeal, and notice re ordering of transcripts.

- August 7, 2026 – Deadline for Appellant/Debtor to file with this Court a list of any/all appellees (other than Trustee), including complete contact information.

- August, 9 2026 – Deadline for Appellant/Debtor to file Opening Brief & Appendix.

- August 19, 2026 – Deadline for Appellee/Trustee to file counter-designation of record on appeal.

- August 31, 2026 – Deadline for Appellee/Trustee to file responsive brief.

- September 21, 2026 – Deadline for Appellant/Debtor to file optional Reply.

The above timeline should be accelerated as follows:

- August 5, 2026 – Deadline for Appellant/Debtor to file with the Bankruptcy Court a designation of record, statement of issues on appeal, and notice re ordering of transcripts. (**Unchanged**)

- August 10, 2026 – Deadline for Appellee/Trustee to file counter-designation of record on appeal. (**Shortened**)

- August 7, 2026 – Deadline for Appellant/Debtor to file with this Court a list of any/all appellees (other than Trustee), including complete contact information. (**Unchanged**)

- August, 7 2026 – Deadline for Appellant/Debtor to file Opening Brief & Appendix. (**Shortened**)

- August 14, 2026 – Deadline for Appellee/Trustee to file responsive brief. (**Shortened**)

- August 21, 2026 – Deadline for Appellant/Debtor to file optional Reply. (**Shortened**)

In addition to the foregoing revised schedule, the Panel should not hold oral argument. All of the pertinent issues have previously been briefed for this Panel. Moreover, the Trustee does not believe oral argument will add anything that cannot already be stated in the briefing.

## V.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Trustee respectfully requests that the instant appeal be dismissed, with prejudice, or in the alternative, that the briefing schedule be expedited, because the appeal of the Sale Order is nothing more than

an impermissible collateral attack on the Summary Judgment Order and this Panel's issuance of the BAP June St. Memorandum Decision.

Respectfully Submitted,

Dated: July 29, 2026 PACHULSKI, STANG, ZIEHL & JONES LLP

By      */s/ John W. Lucas*
                    Jeffrey W. Dulberg
                    John W. Lucas

                    Counsel to Bradley D. Sharp,
                    Liquidation Trustee of Klein Creditors'
                    Trust, Appellee