Case CC-26-1175

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

---

Leslie Klein,

Appellant

v.

Bradley D. Sharp, Liquidation Trustee of the
Klein Creditors' Liquidation Trust,

Appellee

On Appeal from the United States Bankruptcy Court
for the Central District of California
BK Case No. 2:23-bk-10990
Honorable Neil W. Bason

---

# APPELLEE'S ELECTION TO HAVE APPEAL HEARD BY BANKRUPTCY APPELLATE PANEL, NOT THE DISTRICT COURT

Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jdulberg@pszjlaw.com
jlucas@pszjlaw.com

*Counsel for Bradley D. Sharp,*
*Liquidation Trustee of the Klein Creditors'*
*Liquidation Trust, Appellee*

Appellee, Bradley D. Sharp, Liquidation Trustee ("**Appellee/Trustee**") of the Klein Creditors' Trust (the "**Trust**") formed under the *Third Amended Chapter 11 Plan, as Modified, of the Estate of Leslie Klein* [Docket No. 1350][1] (the "**Plan**"), hereby submits this this notice of election, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, to have the above-captioned appeal heard by United States Bankruptcy Appellate Panel of the Ninth Circuit, not the United States District Court for the Central District of California, and represents as follows:

On July 22, 2026, Leslie Klein, the debtor in the underlying bankruptcy case and the appellant herein ("**Appellant/Debtor**"), filed his notice of appeal [Docket No. 1433] (the "**Notice of Appeal**") of the *Order Granting Motion and Authorizing: (1) Sale of Real Property Commonly Known as 322 N. June St., Los Angeles, California, Free and Clear of All Liens, Claim, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Clarifying State of Title to Property Pursuant to Prior Court Order; and (3) Payment of Real Estate Brokers' Commissions* [Docket No. 1422] (the "**Sale Order**") of the United States Bankruptcy Court for the Central District of California, Los Angeles Division

[1] Citations to [Docket No. ####] will refer to the docket in the underlying chapter 11 case, Case No. 23-10990 (the "**Main Case**"). Citations to [Adv. Docket No. ####] will refer to Adv. Case No.: 23-01140 (the "**June St. Action**"), an adversary proceeding commenced by the Trustee against the Debtor relating to the Main Case. Citations to [BAP Docket No. ####] will refer to BAP Case No., 25-1002 (the "**BAP Appeal**"), an appeal of the summary judgment order in the June St. Action.

("**Bankruptcy Court**"). The Notice of Appeal was refiled herein, *see* [BAP Docket No. 1], and again as [BAP Docket No. 10], which in this instance included a copy of the Sale Order.

Part 4 of the Notice Appeal was left blank, which means that the Appellant/Debtor elected to not have the above-captioned appeal heard by the United States District Court for the Central District of California but instead by the United States Bankruptcy Appellate Panel of the Ninth Circuit.

Pursuant to Bankruptcy Rule 8005, Appellee/Trustee also elects to have the above-captioned appeal heard by the United States Bankruptcy Appellate Panel of the Ninth Circuit, not the United States District Court for the Central District of California.

Respectfully Submitted,

Dated: August 18, 2026 PACHULSKI, STANG, ZIEHL & JONES LLP

By *[/s/ John W. Lucas]*

John W. Lucas

Counsel to Bradley D. Sharp,
Liquidation Trustee of Klein Creditors' Trust, Appellee